**Ricardo FISHER, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

**No. 05–6538–ag.**

United States Court of Appeals, Second Circuit.

April 24, 2008.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Ricardo Fisher, Oakdale, LA, pro se, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Scott Dunn, Elliot M. Schachner, Assistant United States Attorneys, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

Petitioner, Ricardo Fisher, a native and citizen of Jamaica proceeding *pro se,* seeks review of a November 14, 2005, order of the BIA affirming the June 16, 2005, decision of Immigration Judge Alan Page, denying petitioner's motion to terminate his proceedings based upon derivative citizenship, and ordering petitioner to be deported from the United States to Jamaica. We assume the parties' familiarity with the underlying facts and procedural history in this case.

"If the petitioner claims to be a national of the United States, and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim." 8 U.S.C. § 1252(b)(5)(A). If, however, this Court finds that a genuine issue of material fact does exist, the Court "shall transfer the proceedings to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim." *See* 8 U.S.C. § 1252(b)(5)(B). We decide whether there is a genuine issue of material fact using the same principles employed when reviewing a grant of summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Agosto v. INS,* 436 U.S. 748, 754, 98 S.Ct. 2081, 56 L.Ed.2d 677 (1978). "Accordingly, the government, as the party seeking what amounts to summary judgment, 'bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law.'" *Joseph v.*

*Attorney General,* 421 F.3d 224, 230 (3d Cir.2005) (quoting *Rodriguez v. City of New York,* 72 F.3d 1051, 1060–61 (2d Cir. 1995)).

Former 8 U.S.C. § 1432(a), applicable to petitioner because it was in effect when petitioner was 18, provided that a child born outside of the United States of alien parents became a citizen of the United States upon the fulfillment of certain conditions. Section 1432(a)(3) provided for the naturalization of a child upon "[t]he naturalization of the parent having legal custody of the child where there has been a legal separation of the parents" if, at the time of the parent's naturalization, the child was under the age of eighteen and was residing in the United States pursuant to a lawful admission for permanent residence. 8 U.S.C. § 1432(a)(3), (4), (5). A divorce constitutes a "legal separation" for purposes of § 1432(a)(3). *See Brissett v. Ashcroft,* 363 F.3d 130, 134 (2d Cir.2004). In this case, the only disputed issue was whether petitioner's father had "legal custody" of petitioner at the time the father was naturalized.

The record reveals a genuine issue of material fact as to whether petitioner's father had actual, uncontested custody over him at the time petitioner's father was naturalized. Petitioner presented affidavits and sworn testimony to support his contention that his father had legal custody over him at the time his father was naturalized. The Government submitted documentary evidence to the contrary that purported to contradict petitioner's evidence. Because there is a genuine issue of fact, and petitioner's evidence would be sufficient to support a finding that his father had legal custody of petitioner at the time his father was naturalized, there is a genuine issue of material fact. *See Agosto,* 436 U.S. at 756, 98 S.Ct. 2081 ("a

court of appeals cannot refuse to allow a de novo review of a citizenship claim if the evidence presented in support of the claim would be sufficient to entitle a litigant to trial were such evidence presented in opposition to a motion for summary judgment"). Because petitioner's last known address was in Deer Park, New York, this Court must transfer the proceeding to the United States District Court for the Eastern District of New York for a hearing and decision as to whether petitioner was in his father's legal custody at the time of his father's naturalization. *See* 8 U.S.C. § 1252(b)(5)(B).

Accordingly, the proceedings are TRANSFERRED to the United States District Court for the Eastern District of New York for a de novo hearing on petitioner's nationality claim and a decision on that claim; petitioner's motion for a stay of removal pending the District Court's ruling on the nationality claim is GRANTED; petitioner's motion for in forma pauperis status is GRANTED; and petitioner's petition for review is HELD IN ABEYANCE.